# Exhibit 1

# TY CLEVENGER
4965 Preston Park Blvd., Suite 100
Plano, Texas 75093

*telephone: 202.577.8606*            *tyclevenger@yahoo.com*
*facsimile: 979.530.9523*            *Texas Bar No. 24034380*

August 17, 2021

Office of the Attorney General
Office of the Deputy Attorney General
Office of Legal Counsel
Office of Legislative Affairs
Office of the Pardon Attorney
Office of Public Affairs
Office of Professional Responsibility
Office of the Inspector General
Executive Office for U.S. Attorneys
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

U.S. Marshals Service
1215 S. Clark Street
Arlington, Virginia 22202

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

U.S. Customs and Border Protection
1300 Pennsylvania Ave. NW
Washington, D.C. 20229

Transportation Security Administration
601 12th Street S.
Arlington, Virginia 20598

Re:   Freedom of Information Act request

To Whom It May Concern:

    I represent Ed Butowsky of Plano, Texas, and I write on his behalf to request records pursuant to the Freedom of Information Act, 5 U.S.C. § 552, et seq. Most of these requests pertain to Ari B. Teman, and Mr. Teman has executed a release authorization at the bottom of this letter. If any responsive witness interviews or other records or recordings were produced by the New York Police Department and shared with any of the entities listed above, those records or recordings should be produced.

    In the interest of clarity and efficiency, each request below specifies the agencies from which my client seeks records. Unless otherwise specified, all of the requests below cover the period from January 1, 2016 until the present.

1. It is Mr. Butowsky's understanding that a purported reporter going by the name of "Jake Green" corresponded with various government officials using a ProtonMail account. Mr. Butowsky therefore requests production of all communications, records, and other tangible evidence exchanged among or between "Jake Green" and any and all of the following: (1) any and all employees of the U.S. Marshals Service; (2) any and all employees of the Federal Bureau of Investigation ("FBI"); (3) any and all employees of the U.S. Attorney's Office for the Southern District of New York ("SDNY"); and/or (4) any judge, employee or other official of the U.S. District Court for SDNY. As used in this

letter, "tangible evidence" includes, but is not limited to, audio recordings and video recordings. This request applies to the U.S. Marshals Service, the FBI, the U.S. Attorney's Office ("USAO") for SDNY, and the Office of Public Affairs.

2. Mr. Butowsky requests production of all *ex parte* communications exchanged among or between (1) Judge Paul A. Engelmayer and/or anyone working for him; and (2) any and all of the following: (a) employees of the USAO for SDNY; (b) employees of the New York Police Department; (c) employees of the FBI; (d) Office of the Pardon Attorney ("OPA"); (e) Office of the Attorney General ("OAG"); and (f) Office of the Deputy Attorney General ("ODAG"). This request includes, but is not limited to, emails, texts, and phone records. If, for example, the USAO was copied on ex parte letters sent from third parties to Judge Engelmayer, then those letters should be produced. This request applies to the USAO for SDNY, FBI, OPA, OAG, ODAG, Office of Inspector General ("OIG") and Office of Professional Responsibility ("OPR").

3. Mr. Butowsky requests production of all communications, records, and other tangible evidence regarding Ari B. Teman's request for a Presidential pardon. This request includes, but is not limited to, correspondence sent by private parties regarding Mr. Teman's request for a pardon. If, for example, the Department of Justice was copied on a letter to the White House regarding Mr. Teman's request for a pardon, that letter should be produced. This request applies to the USAO for SDNY, OPA, OAG, ODAG, and OIG.

4. Mr. Butowsky requests production of all communications, records, and other tangible evidence reflecting (1) inquiries from Lois Weiss, a reporter for the New York Post; and (2) any internal discussions or communications regarding an inquiry from Ms. Weiss. This request applies to the USAO for SDNY, OPA, OAG, and ODAG and the Office of Public Affairs.

5. Mr. Butowsky requests production of all communications, records, or other tangible evidence wherein Assistant U.S. Attorney Margaret Graham discussed Ari B. Teman or Noam Biale. If, for example, AUSA Graham relayed communications from Mr. Biale to other persons in the USAO for SDNY, then those records should be produced. This request applies to the USAO for SDNY, OIG, and OPR.

6. Mr. Butowsky request production of all communications, records, or other tangible evidence wherein any employee or official of the USAO for SDNY discussed potential conflicts of interest between (1) AUSA Graham and (2) Ari B. Teman or Noam Biale. This request applies to the USAO for SDNY, OIG, and OPR.

7. Mr. Butowsky request production of all communications, records, or other tangible evidence reflecting discussions of whether to hold a *Curcio* hearing (*see U.S. v. Curcio*, 680 F.2d 881 (2nd Cir. 1982)) concerning Ari B. Teman. This request applies to the USAO for SDNY, OIG, and OPR.

8. Mr. Butowsky requests production of all communications, records, or other tangible evidence reflecting communications from Mr. Biale regarding the sentencing of a defendant to any and all employees of the USAO for SDNY. This request applies to the USAO for SDNY.

9. Mr. Butowsky requests all communications, records, or other tangible evidence relating to Bank of America's role as a witness against Mr. Teman in *U.S.A. v. Ari Teman*, Case No. 1:19-cr-00696-PAE (S.D.N.Y.). This request includes, but is not limited to communications, records or other tangible evidence regarding the following:

   (a) How Bank of America became a witness for the government.

   (b) The drafting of the affidavit of Karen Finocchiaro, later filed as Doc. No. 215-5 in *U.S.A. v. Teman*. If, for example, the USAO for SDNY played a role in drafting the affidavit, then all records reflecting that should be produced.

   (c) Whether video recordings of Mr. Teman conducting business at Bank of America branches was deleted and, if so, by whom and for what reason.

   (d) Bank of American's internal investigations of Mr. Teman and/or his company, GateGuard, Inc.

   (e) Ariel Reinitz's communications with Cheryl Harrison.

   This request applies to the USAO for SDNY.

10. Mr. Butowsky requests all communications, records, or other tangible evidence relating to Signature Bank's role as a witness against Mr. Teman in *U.S.A. v. Ari Teman*, Case No. 1:19-cr-00696-PAE (S.D.N.Y.). This request includes, but is not limited to communications, records or other tangible evidence reflecting how Signature Bank became a witness for the government. This request applies to the USAO for SDNY.

11. Mr. Butowsky requests all communications, records, or other tangible evidence relating to Chase Bank's role as a witness against Mr. Teman in *U.S.A. v. Ari Teman*, Case No. 1:19-cr-00696-PAE (S.D.N.Y.). This request includes, but is not limited to communications, records or other tangible evidence regarding the following:

   (a) How Chase Bank became a witness for the government.

   (b) Any affidavits executed by Joseph Soleimani and provided to Chase Bank, the NYPD, or the USAO for SDNY.

   This request applies to the USAO for SDNY.

12. Mr. Butowsky requests all communications, records, or other tangible evidence regarding any suicide notes written by Mr. Teman. This request includes, but is not limited to,

communications with third parties such asAbi Goldenberg, Leon Goldenberg, Joseph Soleimani, and Samuel Taub. This request applies to the USAO for SDNY.

13. Mr. Butowsky requests all communications, records, or other tangible evidence concerning an interview of Simcha Schonfeld by the government (*i.e.*, federal employees or representatives as well as employees of the New York City Police Department) regarding Mr. Teman. Mr. Butowsky also requests all communications, records, or other tangible evidence concerning interviews of any and all other third parties regarding Mr. Teman. This request includes, but is not limited to, interviews conducted by the New York Police Department and shared with the USAO for SDNY. This request applies to the USAO of SDNY.

14. Mr. Butowsky is informed that Michael Haas fled to Israel after he was subpoenaed as a witness in U.S.A. v. Teman. Mr. Butowsky requests all communications, records, or other tangible evidence regarding Mr. Haas's flight to Israel. This request includes, but is not limited to, communications with Mr. Haas's attorney or any other third party (*e.g.*, airline representatives) regarding Mr. Haas's flight to Israel. If, for example, Mr. Haas was encouraged to flee to Israel, then records reflecting that should be produced. This request applies to the USAO for SDNY, the FBI, the U.S. Marshals Service, U.S. Customs and Border Protection ("CBP"), and the Transportation Security Administration ("TSA").

15. Mr. Butowsky requests all communications, records, or other tangible evidence reflecting communications between (1) any and all employees or officials of the USAO for SDNY; and (2) any and all attorneys representing Michael Haas, Elie Gabay, and Coney Realty. This request applies to the USAO for SDNY.

16. Mr. Butowsky requests all communications exchanged among or between the government (its employees or representatives) and any of the following regarding Mr. Teman: (1) 18 MERCER EQUITY INC., its representatives, and/or shareholders; (2) Shelly Jenkins Pecot (3) Bonnie Soon Osberger; and/or (4) Crystal Management (including Jackie Monzon and Gina Hom). As used in this request, the term "government" includes employees and representatives of the New York Police Department as well as the USAO for SDNY. This request applies to the USAO for SDNY.

17. Mr. Butowsky is informed that Shelly Jenkins Pecot either left or stayed outside the United States after she was subpoenaed as a witness in U.S.A. v. Teman. Mr. Butowsky requests all communications, records, or other tangible evidence regarding Mr. Haas's absence from the United States. This request includes, but is not limited to, communications with Ms. Pecot's attorney or any other third party (*e.g.*, airline representatives) regarding her absence from the United States. If, for example, Ms. Pecot was encouraged to flee to Italy or to remain in Italy, then records reflecting that should be produced. This request applies to the USAO for SDNY, the FBI, the U.S. Marshals Service, U.S. Customs and Border Protection ("CBP"), and the Transportation Security Administration ("TSA").

18. Mr. Butowsky requests all communications, records, or other tangible evidence regarding (1) Mr. Teman; and (2) Daniel Enfield and/or anyone affiliated with Konica Minolta. If, for example, the NYPD or the USAO for SDNY exchanged emails with Mr. Enfield or any employee, attorney, or affiliate of Konica Minolta regarding Mr. Teman, records reflecting that should be produced. This request applies to the USAO for SDNY.

19. Mr. Butowsky requests all communications, records, or other tangible evidence regarding Christopher Urriola, a juror or alternative juror in *U.S.A. v. Teman*. This request includes any records or communications that were originally obtained by the New York Police Department. This request applies to the USAO for SDNY.

20. Mr. Butowsky requests all communications, records, or other tangible evidence regarding Mr. Teman or his company (GateGuard, Inc.) that was exchanged between the USAO for SDNY or the New York Police Department and any or all of the following: New York City's Department of Buildings, its Housing Preservation Board, New York State's Division of Housing and Community Renewal, and/or the New York City Housing Court. This request applies to the USAO for SDNY.

21. Mr. Butowsky requests all communications, records, or other tangible evidence reflecting interviews (written or verbal) of Michael Haas or Shelly Jenkins Pecot by the New York Police Department or the USAO for SDNY. This request further seeks any records or tangible evidence provided to the New York Police Department or the USAO for SDNY by Mr. Haas or Ms. Pecot regarding Mr. Teman or his company (GateGuard, Inc.). This request applies to the USAO for SDNY.

22. Mr. Butowsky is informed that Judge Paul A. Engelmayer asked the SDNY Asst. U.S. Attorneys assigned to *U.S.A. v. Teman* to inquire into the "Stanley Howell matter." Mr. Butowsky requests all communications, records, or other tangible evidence regarding Stanley Howell. Mr. Butowsky further requests all records or communications concerning court cases or findings of fraud involving Joseph Soleimani, Benjamin Soleimani, and/or ABJ Properties. This request applies to the USAO for SDNY.

23. Mr. Butowsky requests all communications, records, or other tangible evidence regarding Mr. Teman that were exchanged between (1) WeWork or WW 350 Lincoln Road LLC; and (2) the New York City Police Department or the USAO for SDNY. If, for example, the New York City Police Department obtained video recordings of the arrest of Mr. Teman, those records should be produced. This request applies to the USAO for SDNY.

24. Mr. Butowsky is informed that Mr. Teman assisted recovery efforts following the June 24, 2021 condominium collapse in Surfside, Florida. Mr. Butowsky requests records or other tangible evidence regarding the following:

> Communications regarding Mr. Teman among or between (1) the USAO for SDNY or the U.S. Marshals Service and any of the following (2) Senator Rick

      Scott or his office; Senator Marco Rubio or his office; Governor Ron DeSantis or his office; and the U.S. Secret Service.

      This request applies to the USAO for SDNY, the U.S. Marshals Service, and the U.S. Secret Service.

25. Mr. Butowsky requests all communications, records, or other tangible evidence regarding Mr. Teman's notice of claim (Claim Number: 2019PI026060) alleging wrongful arrest by New York Police Department Detective Daniel Alessandrino on or about July 3, 2019. This request applies to the USAO for SDNY.

26. Mr. Butowsky is informed that an Asst. U.S. Attorney told Judge Paul A. Engelmayer that the USAO for SDNY had internally discussed seeking forfeiture against Mr. Teman. Mr. Butowsky requests all communications, records, or other tangible evidence exchanged with any and all third parties concerning forfeiture from Mr. Teman. This request applies to the USAO for SDNY.

Mr. Butowsky is informed that Senator Mitch McConnell threatened to procure enough votes in the U.S. Senate to convict President Donald Trump and remove him from office if President Trump followed through on his plans to pardon various individuals. Mr. Butowsky requests all communications, records, or other tangible evidence concerning whether Senator McConnell (or any other Member of Congress) was permitted to "veto" or otherwise block the planned pardons of Mr. Teman and/or anyone else.This request is directed to the USAO for SDNY, OPA, Office of Legislative Affairs, OAG, ODAG, Office of Legal Counsel, and OIG.

If you have any questions about the foregoing requests, please email me at tyclevenger@yahoo.com or call me on my cell at 202-577-8606. Thank you in advance for your assistance.

      Sincerely,

      */s/ Ty Clevenger*

      Ty Clevenger

<u>Release Authorization</u>

      My name is Ari B. Teman, my address is 1521 Alton Road #888, Miami Beach, Florida 33139, and my date of birth is May 10, 1982. I have reviewed Mr. Butowsky's August 17, 2021 Freedom of Information Act request, and I authorize all of the agencies named therein to release all responsive records to Mr. Butowsky or his counsel. As witnessed by my signature below, I hereby waive all Privacy Act or other legal protections that might prohibit the release of the information requested by Mr. Butowsky. If you wish to confirm that I have executed this release authorization, you may contact me by email at ari@teman.com or by contacting me via my company website at https://teman.com/.

      _____ 8/17/21 .

Ari B. Teman