IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDWARD BUTOWSKY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPT. OF JUSTICE,<br><br>Defendant. | CIVIL ACTION No. 4:21CV774<br><br>JUDGE SEAN D. JORDAN |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant the United States Department of Justice ("DOJ") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7. The reasons for this Motion are set forth in the incorporated briefing as well as the attached Declaration of Kara Cain (the "Cain Decl."), *attached hereto as* Exhibit "A".

### BACKGROUND

Plaintiff, Edward Butowsky, (hereinafter "Plaintiff" or "Butowsky") filed this lawsuit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, based on a FOIA request dated August 17, 2021. In response to Plaintiff's request, DOJ processed a total of 4,763 pages of responsive records subject to FOIA. Cain Decl. ¶ 26, Of those pages, DOJ released 650 pages in full, released 256 pages in part, and withheld 182 pages in full because the pages were exempt in full pursuant to one or more applicable FOIA Exemptions. Plaintiff is not challenging the adequacy of DOJ's search. Plaintiff is not challenging the vast majority of DOJ's redactions or withholdings. Rather, as the Parties previously informed the Court, the only remaining issue is

DOJ's redaction to one page in EOUSA's 4th Interim Response, Bates Number LITG-2022-000004-0011, which is attached hereto as Exhibit B."[1]. This case presents no novel or difficult questions of law. Because DOJ has satisfied all of its obligations under FOIA, the Court should grant summary judgment in its favor.

## STATEMENT OF THE ISSUE

1. Whether the FBI properly redacted LITG-2022-000004-011 to protect the email addresses of two employees pursuant to FOIA Exemption 6.

## LEGAL STANDARDS

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In the FOIA context, however, the traditional standard is modified because 'the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released.'" *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010). FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within an enumerated exemption. *See* 5 U.S.C. § 552(b)(1)-(9). The government bears the burden to prove that the documents fall within an exemption. *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 141 n.3 (1989); *Batton*, 598 F.3d at 175; *see also* 5 U.S.C. § 552(a)(4)(B) ("[T]he burden is on the agency to sustain its action.").

Generally, the agency satisfies its summary judgment burden by (1) affidavit, *Am. Civ. Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011), and (2) submitting

---

[1] The document is being produced as redacted. If the Court would like a copy of the unredacted version, it can be made available on an *ex parte* and *in camera* basis.

"*Vaughn* indices describing the withheld documents and explaining why the information fell under the claimed exemptions," *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009). A *Vaughn* index is a table, common in FOIA cases, that describes withheld documents and explains why the withheld documents fall within the scope of the claimed FOIA exemption. *Batton*, 598 F.3d at 174. An agency's affidavits "are generally accorded the 'presumption of legitimacy' unless there is evidence that the agency handled the FOIA request in bad faith." *Id.* at 179. In this case, because there is only one record at issue, DOJ has addressed all information generally contained in a *Vaughn* index in the Cain Declaration and not created a separate *Vaughn* index.

Although FOIA is designed to promote disclosure, it "expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and the policies as the statue's disclosure requirement." *Jobe v. Nat'l Transp. Safety Bd.*, 1 F.4th 396, 402 (5th Cir. 2021) (citing *Food Marketing Inst. V. Argus Leader Media*, --U.S.--, 139 S.Ct. 2356, 2366, 2014 L.Ed.2d 742 (2019) (cleaned up)); *see also FBI v. Abramson*, 456 U.S. 615, 630–31 (1982) ("While Congress established the basic policy of [FOIA] is in favor of disclosure, it recognized the important interests served by the exemptions."). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (citing *Gardels v. CIA*, 689 F.2d 1100, 1105 (D.C. Cir. 1982); *Hayden v. NSA*, 608 F.2d 1381, 1388 (D.,C. Cir. 1979)).

## **ARGUMENT**

DOJ satisfies the summary judgment burden with the attached declaration justifying the reasonableness of its withholdings pursuant to the FOIA exemptions.

DOJ properly applied FOIA Exemption 6, which exempts from disclosure "personnel and medical files and similar filed the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6. *Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 175 (2d Cir. 2014) (citing *U. S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599–602 (1982)). Substantial privacy interests cognizable under the FOIA are generally found to exist in personally identifying information such as a person's email address. *See Shurtleff v. EPA*, 991 F. Supp. 2d 1, 18–19 (D.D.C. 2013) (protecting work email addresses of EPA Administrator and Executive Office of the President personnel due to significant privacy interest of such individuals in avoiding harassment and unsolicited emails); *Pinson v. DOJ*, 313 F. Supp. 3d 88, 112 (D.D.C. 2018) (observing that courts have come to differing conclusion regarding protection of work telephone numbers and email addresses of federal employees and holding that such information is withholdable and finding that defendant properly withheld direct telephone extensions because release of the extensions could possibly lead to harassment); *Wilson v. U.S. Air Force*, No. 08-0324, 2009 WL 4782120, at *4 (E.D. Ky. Dec. 9, 2009) (finding that signatures, personal phone numbers, personal email addresses, and government employee email addresses were properly redacted); *Waterman v. IRS*, 288 F. Supp. 3d 206, 211 (D.D.C. 2018) (holding that work telephone numbers and email addresses of IRS employees could be withheld because such information sheds little light on agency activities and release could cause harassment or threats of employees), vacated & remanded on other grounds, 755 F. App'x 26 (D.C. Cir. 2019); *Hunton & Williams LLP v. EPA*, 346 F. Supp. 3d 61, 86 (D.D.C. 2018) (finding proper the withholding of certain information, including EPA employee's work email address and mobile phone number, as no public interest was identified)

In evaluating withholding pursuant to Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine

whether, on balance, the disclosure would [cause] a clearly unwarranted invasion of personal privacy. *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999); *Chang v. Dep't of Navy*, 314 F.Supp.3d 35, 43 (D.D.C. 2004).

In this case, the sole redaction at issue is DOJ's redaction of the email addresses of two employees of the United States Attorney's Office pursuant to FOIA Exemption 5, 5 U.S.C. § 522(b)(6). *See* Cain Decl. ¶ 29. This sort of personal information falls within the scope of Exemption 6. Moreover, release of this information could lead to the same sort of harassment that other courts have feared government employees might have suffered if their direct contact information is divulged. *See e.g. Pinson*, 313 F.Supp.3d at 112. DOJ has released the names of the employees. Providing their contact information sheds little light on the government's performance of its statutory duties, and therefore, there is not a legitimate public interest in the lease of that information. *See* Waterman, 288 F. Supp. 3d at 211. That concern is particularly poignant in this case where government employees have been victims of harassment by the subject of Mr. Butowksky's FOIA request. *See* Cain Decl. ¶ 32. Because the privacy interest in non-disclosure outweighs any potential public interest in disclosure, the Court should find that DOJ properly redacted the employees' email addresses pursuant to Exemption 6.

## **CONCLUSION**

Defendant has presented a declaration and legal authority sufficient to logically and plausibly support its invocation of the challenged exemptions and satisfy its FOIA and summary judgment burden. For the reasons stated above and attached, Defendant respectfully requests that this Honorable Court grant summary judgment in its favor.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel: (903) 590-1400
Fax: (903) 590-1436
Email: James.Gillingham@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on December 11, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to all counsel of record via the court's electronic filing system.

                                                */s/ James Gillingham*
                                                JAMES GILLINGHAM
                                                Assistant United States Attorney